| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

VERNON LEE LANDRY, JR., §
§
    Petitioner, §
§
*versus*                                            §     CIVIL ACTION NO. 1:19-CV-463
§
DIRECTOR, TDCJ-CID, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Petitioner Vernon Lee Landry, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for violating a protective order.

    The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed without prejudice for failure to exhaust state court remedies.

    The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation.

    The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. After careful consideration, the court is of the opinion the objections are without merit. The magistrate judge recommended dismissing the petition because it is a "mixed petition," containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). Petitioner could have chosen to dismiss the unexhausted claims and proceed with the

unexhausted claims. *Id*. at 520-21. As petitioner did not move to dismiss the unexhausted claims, the entire petition must be dismissed.

**ORDER**

Accordingly, the objections filed by petitioner (#17) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#16) is **ADOPTED**. A final judgment will be entered dismissing the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner is not required to establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raised a valid claim of the denial of a constitutional right and (2) whether the district court was correct in its procedural ruling. *Id*. at 484. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues he raised are subject to debate among jurists of reason or that a procedural ruling was incorrect. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions

presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 29th day of March, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE